# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| PATRICK BRINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV410-290 |
| ANDREW DURRANCE and JUDGE J. ROSE, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Incarcerated on a probation violation, Patrick Brinson seeks to sue under 42 U.S.C. § 1983 the probation officer and judge responsible for his present detention. (Doc. 1 at 5.) The Court granted him leave to proceed *in forma pauperis* (doc. 3), but upon reviewing his filing history it discovered that he had failed to answer truthfully a question on his form complaint. Specifically, he answered "no" to question I(B), which asks whether he "had brought any lawsuits in federal court which deal with facts other than those involved in this action." (Doc. 1 at 2.) But he *had* filed a suit while detained in Autry State Prison in 2005. *See Brinson v.*

*Prison Health Services, Inc.*, No. CV405-051 (S.D. Ga. Sep. 26, 2006) (dismissed on defendants' motion for summary judgment). Accordingly, the Court ordered Brinson to show cause why his case should not be dismissed for lying on the complaint. (Doc. 6.)

Brinson had no reason to deceive the Court as to his filing history. He is not subject to 28 U.S.C. § 1915(g)'s three-strike bar, which would generally prevent him from filing suit in federal courts without first paying the standard $350 filing fee. Had he simply misread the complaint question or negligently checked "no," the Court was prepared to accept his explanation and move on with the case. His response, however, is simply not believable. Brinson admits that he remembered the old lawsuit and chose not to reveal its existence. (Doc. 7 at 1.) He explains, however, that he answered falsely based upon the advice of another inmate who had helped him complete the form complaint and "insisted the question was regarding the same set of issues in this current case." (Doc. 7 at 1.) In other words, he was misled by a jailhouse lawyer.

The Court does not credit Brinson's explanation. Question IB is not a trick question or subject to multiple interpretations. It simply asks

whether an inmate-plaintiff has filed any other federal lawsuits while detained "which deal with facts *other than those involved in this action.*" (*Id.*) Brinson knew that he had filed another lawsuit while detained but consciously chose not to list it. His deliberate deception is not excused simply because it was made upon the advice of a jailhouse lawyer. The Court thus rejects Brinson's show cause explanation, as it is clear that he purposefully chose to disguise his filing history.

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed.2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority

to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 2010 WL 2170970 at *1 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

This case should be dismissed for Brinson's lie. But even if he had not lied, the case would still be subject to dismissal. Brinson requests damages from a probation officer and judge for "false imprisonment" and apparently hopes to be released from incarceration. The judge is protected by absolute judicial immunity from any claim for damages. *See McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are

4

entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Mireles v. Waco*, 112 S. Ct. 286, 288 (1991). A judge does not act in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction."). Similarly, his claim against Durrance fails because probation officers enjoy absolute quasi-judicial immunity from damages for their testimony at revocation proceedings.[1] *Holt v. Glenn*, 361 F. App'x 75, 77 (11th Cir. 2010) (citing *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005), and *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir. 1994)). Finally, Brinson's request for a speedier release from custody fails. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a

---

[1] Brinson has not alleged that Durrance otherwise manipulated his record to obtain the incarceration. Hence, he has utterly failed to state any such claim under a due process theory. *See Holt*, 361 F. App'x at 77 (plaintiff must allege facts showing that probation officer manipulated the record and that the manipulation caused the loss of liberty; moreover, mere allegation that record was altered and that he was incarcerated is insufficient to state a claim where plaintiff was given due process in the form of a revocation hearing).

5

writ of habeas corpus. . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, Brinson has already filed a parallel habeas action, *Brinson v. Koon*, No. CV410-289 (S.D. Ga. Filed Dec. 10, 2010), hence any such claim should be dismissed as duplicative.

For all of the reasons explained above, Brinson's complaint (doc. 1) should be **DISMISSED**, and this case should be **CLOSED**. Brinson is advised that this dismissal will count as a 28 U.S.C. § 1915(g) strike against him.

**SO REPORTED AND RECOMMENDED** this <u>14th</u> day of February, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**